**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5109**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TEALZIE RANDALL, III, a/k/a Tealize Randall, III,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00800-PMD-8)

_____

Submitted:  August 16, 2012          Decided:  August 20, 2012

_____

Before KING and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina,
for Appellant.  Alston Calhoun Badger, Jr., Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tealzie Randall, III, appeals the eighty-four-month sentence imposed by the district court following his guilty plea to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Randall's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of the sentence. Randall filed a pro se supplemental brief.[*] Finding no error, we affirm.

In reviewing a sentence, we must first ensure that the district court did not commit any significant procedural error, such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must then consider the substantive reasonableness of the sentence, "tak[ing] into

---

[*] Randall contends that counsel was ineffective in presenting his motion to suppress evidence. We conclude that the record does not conclusively demonstrate that counsel was ineffective. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998) (providing standard); see also Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (providing elements of ineffective assistance claim). Thus, we decline to consider this claim on direct appeal.

account the totality of the circumstances." Id. If the sentence imposed is within the appropriate Sentencing Guidelines range, we presume it is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in sentencing Randall to eighty-four months' imprisonment, a sentence within the applicable Sentencing Guidelines range. See United States v. Lynn, 592 F.3d 572, 587 (4th Cir. 2010) (providing standard of review); see also Gall, 552 U.S. at 46.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Randall, in writing, of his right to petition the Supreme Court of the United States for further review. If Randall requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Randall. We deny Randall's request for new counsel and dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED